******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

LOUIS MARTINOLI *v.* STAMFORD POLICE
DEPARTMENT ET AL.
(SC 20932)

D'Auria, Mullins, Ecker, Alexander and Dannehy, Js.*

*Syllabus*

The plaintiff appealed, on the granting of certification, from the judgment of the Appellate Court, which had reversed the decision of the Compensation Review Board. The board had upheld an award of statutory (§ 31-307 (a)) total incapacity benefits to the plaintiff in connection with injuries that he sustained during the course of his employment with the defendant police department. The plaintiff claimed that the Appellate Court had incorrectly concluded that he was not eligible for total incapacity benefits because his total incapacity did not occur until after his voluntary retirement and because he did not intend to return to the workforce. *Held*:

The issue of whether a claimant is eligible to receive total incapacity benefits when the total incapacity occurred after the claimant's voluntary retirement from employment was resolved in the companion case of *Cochran* v. *Dept. of Transportation* (350 Conn. 844), in which this court held that a claimant who sustains a compensable workplace injury under the Workers' Compensation Act (§ 31-275 et seq.) is eligible to receive total incapacity benefits under § 31-307 (a) even when the total incapacity occurs after his or her voluntary retirement.

Insofar as the Appellate Court did not reach the defendants' two alternative claims in its decision, this court reversed the Appellate Court's judgment and remanded the case to that court so that it could consider those claims on remand.

Argued September 23—officially released December 24, 2024

*Procedural History*

Appeal from the decision of the workers' compensation commissioner for the seventh district awarding the plaintiff certain disability benefits, brought to the Compensation Review Board, which affirmed the commissioner's decision; thereafter, the defendants appealed to the Appellate Court, *Alvord*, *Moll* and *Cradle*, *Js.*, which reversed the board's decision and remanded the

* The listing of justices reflects their seniority status on this court as of the date of oral argument.

case with direction to reverse the commissioner's decision, and the plaintiff, on the granting of certification, appealed to this court. *Reversed*; *further proceedings*.

*Andrew J. Morrissey*, for the appellant (plaintiff).

*Scott Wilson Williams*, for the appellees (defendants).

*Francis X. Drapeau* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

*Donna Civitello* filed a brief for the Connecticut Education Association et al. as amici curiae.

*Nathan J. Shafner* filed a brief for the Connecticut Counsel for Occupational Safety and Health as amicus curiae.

*Opinion*

ECKER, J. In this certified appeal,[1] the plaintiff, Louis Martinoli, appeals from the judgment of the Appellate Court, which reversed the decision of the Compensation Review Board (board) upholding an award of total incapacity benefits to the plaintiff under General Statutes § 31-307 (a). See *Martinoli* v. *Stamford Police Dept.*, 220 Conn. App. 874, 875–76, 881, 299 A.3d 1258 (2023). The Appellate Court reasoned that, in accordance with the holding it reached that same day in *Cochran* v. *Dept. of Transportation,* 220 Conn. App. 855, 868, 299 A.3d 1247 (2023), rev'd, 350 Conn. 844,      A.3d      (2024), the plaintiff was ineligible to receive benefits under § 31-307 (a) because, prior to the onset of his incapacity, he had voluntarily retired from the

_____

[1] We granted the petition for certification to appeal filed by the plaintiff, Louis Martinoli, limited to the following issue: "Did the Appellate Court correctly determine that the plaintiff was not eligible for [total incapacity] benefits pursuant to General Statutes § 31-307 (a)?" *Martinoli* v. *Stamford Police Dept.*, 348 Conn. 918, 303 A.3d 1195 (2023).

workforce with no intention of returning.[2] See *Martinoli* v. *Stamford Police Dept.*, supra, 880–81; see also *Cochran* v. *Dept. of Transportation*, supra, 868 (concluding that injured employee who elects to retire from employment voluntarily with "no intention of returning to the workforce, [is] not entitled to [total incapacity] benefits pursuant to" § 31-307 (a)).

In *Cochran* v. *Dept. of Transportation*, 350 Conn. 865, A.3d (2024), which we also decided today, we held that, under the plain and unambiguous language of § 31-307 (a), a claimant who has sustained a compensable workplace injury under the Workers' Compensation Act (act), General Statutes § 31-275 et seq., is eligible to receive total incapacity benefits when the total incapacity occurs after the claimant's voluntary retirement from the workforce. See id., 865. As we reasoned in *Cochran*, "[t]he text of the statute does not contain any exclusions for a worker whose incapacity occurs after retirement, and no such limitation is fairly implied by its context or other relevant components of the act. . . . It is not the role of this court to engraft additional requirements onto clear statutory language." (Citation omitted; footnote omitted; internal quotation marks omitted.) Id., 865–66. Consistent with *Cochran*, we hold in the present case that the plaintiff's voluntary retirement and lack of intent to return to the workforce does not render him ineligible to receive total incapacity benefits under § 31-307 (a). Cf. *Coughlin* v. *Stamford*

---

[2] The Appellate Court did not reach in its decision the two alternative claims raised by the defendants, the Stamford Police Department and PMA Management Corp. of New England, namely, that the board (1) erred in determining that the plaintiff's § 31-307 (a) benefits "shall be paid pursuant to a minimum compensation rate as of July 15, 2015, the date of total incapacity, as opposed to January 19, 1999, the date of injury," and (2) "failed to find that any [total incapacity] benefits paid to the [plaintiff] after the May 10, 2016 date of maximum medical improvement would be a credit against the increase in the permanent partial [disability] award." *Martinoli* v. *Stamford Police Dept.*, supra, 220 Conn. App. 875–76 n.3.

*Fire Dept.*, 334 Conn. 857, 869, 224 A.3d 1161 (2020) (holding that a firefighter was entitled to benefits pursuant to General Statutes § 7-433c for coronary artery disease that developed following his retirement, as his heart disease flowed from his compensable hypertension.)

We will not address the defendants' two alternative claims, which the Appellate Court did not reach in its decision below and which the parties have not briefed or argued before this court due to the narrow scope of the certified question. See footnotes 1 and 2 of this opinion. We therefore reverse the judgment of the Appellate Court and remand the case to that court for consideration of those issues.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to consider the defendants' remaining claims.

In this opinion the other justices concurred.